<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 12, 2023

Tashon Ragan
Register No. 08943-509
FMC Devens
P.O. Box 879
Ayer, MA 01432
*Pro se Defendant*

Jonathan Fayer
Office of the United States Attorney
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

    **Re:**    *United States v. Tashon Ragan*
           **Criminal Action No. 21-405 (SDW)**

Litigants:

    Before this Court is *pro se* Defendant Tashon Ragan's ("Defendant") Motion for Compassionate Release ("Motion") under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). (D.E. 68.) This Court, having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion.

<u>**DISCUSSION**</u>

A.

    Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the FSA permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

1

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). Accordingly, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)).

The prerequisites for judicial review are straightforward. First, a defendant seeking a reduced sentence must ask the Bureau of Prisons ("BOP") to file a motion for a reduced sentence on his behalf. 18 U.S.C. § 3582(c)(1)(A). Then, the defendant must either "(i) wait thirty days for the BOP to respond or (ii) exhaust all available administrative appeals after receiving an adverse decision [from the BOP]." *United States v. McDonald*, Crim. No. 09-656, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Once a defendant has satisfied those prerequisites, a court may reduce his or her sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (quoting *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

B.

On May 13, 2021, Defendant pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. (D.E. 53 at 1.) On October 7, 2021, this Court sentenced

---

[1] While the Sentencing Commission's policy statement is not binding on this Court, "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant to a term of 33 months' imprisonment followed by three years of supervised release with special conditions and ordered Defendant to pay $61,437.86 in restitution. (*See generally* D.E. 64.) Defendant surrendered to the custody of the BOP on or about December 29, 2021. (D.E. 66.)  On December 15, 2022, Defendant submitted directly to this Court a request for compassionate release.[2] (D.E. 68.)  The Government filed an opposition brief on March 17, 2023, (D.E. 69), and Defendant did not file a reply.

### C.

In support of his Motion, Defendant raises a slew of arguments that he contends justify his compassionate release.  Specifically, Defendant alleges that he is overweight for his height and age; that he suffers from asthma attacks; that there have been numerous COVID-19 outbreaks and fatalities at FMC Devens; and that several of his family members have struggled during his incarceration. (D.E. 68 at 1–2.)  This Court considers each of Defendant's arguments in turn and finds each unpersuasive.

### Procedural Prerequisite

Before reaching the merits of Defendant's Motion, this Court must consider whether Defendant has exhausted his administrative remedies by presenting to the BOP the extraordinary and compelling reasons that support his compassionate release.  18 U.S.C. § 3582(c)(1)(A); *see also Raia*, 954 F.3d at 595 (explaining that before defendants request compassionate release from a federal district court, "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond").  The burden is on the defendant to demonstrate that he satisfied this procedural prerequisite for judicial review.  *United States v. McNair*, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) (quoting *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)).  Failure to do so "presents a glaring roadblock foreclosing compassionate release." *Raia*, 954 F.3d at 597.

Here, Defendant submitted to this Court a request for compassionate release on December 15, 2022.  (D.E. 68.)  Neither the Motion nor BOP's records indicate that Defendant first requested that the BOP move for compassionate release on his behalf.  (*Id.*; D.E. 69 at 6.)  Thus, Defendant has failed to meet his burden of establishing that he satisfied the procedural prerequisite for judicial review under the FSA.  For that reason alone, Defendant's Motion must be denied.  *See Raia*, 954 F.3d at 597.

Even if Defendant had fully complied with § 3582(c)(1)(A), he still has failed to meet his burden of demonstrating extraordinary and compelling reasons to justify his release.

### Defendant's Medical Conditions

Defendant has not established that his alleged medical conditions—asthma and obesity—constitute extraordinary and compelling reasons justifying his release.  As an initial matter, the burden is on Defendant to set forth evidence of his medical conditions, and he has not done so here.  *See McNair*, 481 F. Supp. 3d at 365 (explaining that the defendant "bears the burden of satisfying . . . that compelling and extraordinary reasons exist to justify compassionate release." (quoting *Sellers*, 2020 WL 1972862, at *1)).  Indeed, despite Defendant's unsupported assertions

---

[2] Defendant's Motion does not indicate whether he submitted to the warden of FMC Devens or the BOP a request for compassionate release, (*see generally* D.E. 68), and the BOP has no record of any such request, (*see* D.E. 69 at 6).

3

in his Motion, the alleged medical conditions at issue are entirely absent from the medical records provided by the Government. (Ex. A.)[3]

Even if Defendant had provided adequate documentation of his medical conditions, those diagnoses would not establish extraordinary and compelling bases for release. Although asthma and obesity may increase a defendant's risk of severe illness should he contract COVID-19, Defendant has not shown that his alleged medical conditions are uncontrolled or that he is at an increased risk of contracting COVID-19 at FMC Devens.[4] *See United States v. Cutler*, Crim. No. 93-536-2, 2022 WL 16695109, at *3 (D.N.J. Nov. 3, 2022) (collecting cases and explaining that "courts have consistently found that although an inmate may be at heightened risk from COVID-19 due to hypertension, diabetes, obesity, or some combination of the three, that is insufficient, without more, to constitute an 'extraordinary and compelling' reason warranting compassionate release"); *United States v. Williams,* Crim. No. 17-341, 2021 WL 2374390, at *5 (D.N.J. June 10, 2021) (denying motion for compassionate release because the defendant's asthma was "well-controlled"); *United States v. Govil*, Crim. No. 18-607, 2020 WL 2992162, at *2 (D.N.J. June 4, 2020) (denying motion for compassionate release for an asthmatic, 60-year-old defendant and explaining that "multiple courts have denied release to older inmates and asthmatic inmates despite the risk of COVID-19"). Moreover, Defendant has already been vaccinated against COVID-19, (D.E. 69 at 8), and to the extent he suffers from asthma and obesity, his risk of experiencing a severe bout of COVID-19 is diminished at least in part by the COVID-19 vaccine.[5] *See United States v. Allen*, Crim. No. 18-216, 2023 WL 314351, at *6 (D.N.J. Jan. 19, 2023) (denying compassionate release by reasoning that defendant's vaccination greatly reduced the likelihood of serious consequences from COVID-19).

---

[3] Along with its opposition brief, the Government submitted to this Court a hard copy of Defendant's medical records, which have been filed under seal as Exhibit A. Because Exhibit A does not contain consistent pagination, this Court will cite generally to Exhibit A when referencing Defendant's medical history.

[4] Defendant's uncorroborated reference to COVID-19 conditions at FMC Devens does not warrant compassionate release. *See United States v. Watson*, Crim. No. 19-734, 2021 WL 2201687, at *4 (D.N.J. May 28, 2021) (denying motion for compassionate release where the defendant relied on general concerns and "fail[ed] to point to any specific conditions that ma[de] him vulnerable"); *see also Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Defendant has neither provided any evidence to support his claims, nor articulated any specific harms to which he has been exposed. In fact, as of on or about July 10, 2023, FMC Devens had zero inmates and only one staff member test positive for COVID-19. *See* COVID-19 Cases, BOP, *available at* https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed on July 10, 2023).

[5] Although Defendant has received the COVID-19 vaccine, he has refused the booster vaccine on multiple occasions. (*See* Ex. A.) Thus, Defendant has "voluntarily failed to mitigate the very health concerns [he] identif[ies] in support of an early release." *United States v. Thomas*, Crim. No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (collecting cases). While "Defendant is within his rights to refuse the [booster], . . . any corresponding argument that he must be released because of potential complications were he to contract the virus rings hollow." *United States v. Muntasir*, Crim. No. 09-245, 2021 WL 2201651, at *5 (D.N.J. May 27, 2021); *see also United States v. Pena*, Crim. No. 19-545, 2023 WL 2263578, at *3 (D.N.J. Feb. 28, 2023) ("Defendant's refusal to receive the COVID-19 vaccination further undercuts his argument that his health conditions put him at a significantly heightened risk of COVID-19 complications.").

Consequently, Defendant has failed to establish that his medical conditions and susceptibility to severe illness from COVID-19 constitute extraordinary and compelling reasons for compassionate release.

### Defendant's Family Circumstances

Defendant next raises several concerns regarding his family members, including his grandfather's deteriorating physical health, his grandmother's struggle with drug addiction, the state of his disabled uncle, his mother's tense marital relationship with his stepfather, and his adolescent brother's declining academic performance. (D.E. 68 at 2.) Although this Court is sympathetic to the hardships experienced by his family members, Defendant has failed to show that those tribulations amount to extraordinary and compelling reasons justifying his release.

At the outset, Defendant again has not provided documentation to substantiate the difficulties experienced by his family members. Where, as here, a defendant "present[s] no medical documentation or other competent evidence demonstrating that his [family members are] incapacitated," courts will deny a request for compassionate release. *United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020); *see also United States v. Mason,* Crim. No. 17-191, 2021 WL 2530781, at *2–3 (D.N.J. June 21, 2021) (denying motion for compassionate release due to defendant's failure "to provide critical information and corroborating evidence" regarding the deteriorating health of his family members).

In any event, the challenges that Defendant's family members have allegedly been experiencing do not warrant release under the FSA. Family circumstances that constitute extraordinary or compelling reasons for release include "the death or incapacitation of the caregiver of the defendant's . . . child" or "the incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver." U.S.S.G. §1B1.13, cmt. N.1(c). Courts in this District have looked to the BOP guidelines in defining incapacitation. *Doolittle*, 2020 WL 4188160, at *2 (citing *United States v. Collins*, Crim. No. 15-10188, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020)). The BOP guidelines describe incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse . . . is completely disabled, meaning that the spouse . . . cannot carry on any self-care and is totally confined to a bed or chair." *Id.* at *3 (quoting *Collins*, 2020 WL 136859, at *4). Defendant does not allege any death or incapacitation of *his child or spouse*, and he has not shown that he would be the sole caregiver for any of his family members. (D.E. 68 at 2.)

Accordingly, Defendant has not established that any extraordinary and compelling reasons exist to justify his release.

### 18 U.S.C. § 3553(a) Sentencing Factors

Finally, even if Defendant had satisfied the procedural prerequisite to judicial review and had sufficiently shown extraordinary and compelling reasons for his release, this Court would still deny his Motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. *See United States v. Horvath*, Crim. No. 15-0400, 2020 WL 7074379 at *1, *3–4 (D.N.J. Dec. 3, 2020) (concluding that the defendant had established extraordinary and compelling reasons for release but denying compassionate release because the section 3553(a) factors weighed against it). Here, Defendant is serving a 33-month sentence for his leadership role in a bank fraud conspiracy, which involved substantial losses to approximately 81 victims and

businesses. (D.E. 57 at 16; D.E. 64 at 2.) Reducing Defendant's sentence by nearly a year would not "reflect the seriousness of the offense," "promote respect for the law," "provide appropriate punishment for the offense," or promote both individual and specific deterrence in the future. 18 U.S.C. § 3553(a)(2). In addition, granting Defendant's Motion would create an unwarranted sentencing disparity among Defendant's co-conspirators, all of whom received sentences within the Guidelines. 18 U.S.C. § 3553(a)(6). As such, even if Defendant had exhausted all administrative remedies under the FSA and presented extraordinary and compelling reasons to justify his release, the § 3553(a) factors would still weigh against granting his Motion.

## **CONCLUSION**

      For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

                                                       /s/ Susan D. Wigenton  
                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk  
cc:      Parties